**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter __11__

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
**4/19**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Borden Dairy Company of Texas, LLC** |
| 2. | All other names debtor used in the last 8 years Include any assumed names, trade names and *doing business as* names | **FDBA Milk Products, LLC** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **91-2135060** |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **8750 North Central Expressway Suite 400 Dallas, TX 75231** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Dallas** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)    **www.bordendairy.com**

6. Type of debtor

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor  **Borden Dairy Company of Texas, LLC**                                    Case number (*if known*) _____

     Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    __3115__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☑ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No
☑ Yes.

Debtor  **See Rider 1** _____  Relationship _____
District _____ When _____ Case number, if known _____

Debtor    **Borden Dairy Company of Texas, LLC**                                    Case number (*if known*) _____
             Name

**11.** **Why is the case filed in** *Check all that apply:*
      **this district?**
      ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

      ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or**    ☐ No
      **have possession of any**
      **real property or personal**   ☑ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.
      **property that needs**
      **immediate attention?**

                                      **Why does the property need immediate attention?** (*Check all that apply.*)

                                      ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
                                        What is the hazard? _____

                                      ☐ It needs to be physically secured or protected from the weather.

                                      ☑ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

                                      ☐ Other _____

                                      **Where is the property?**        **Various** _____
                                                                        Number, Street, City, State & ZIP Code

                                      **Is the property insured?**

                                      ☐ No

                                      ☑ Yes.    Insurance agency    **Willis Towers Watson** _____

                                                Contact name         **Jeffrey Roberts** _____

                                                Phone                **(312) 288-7312** _____

---

█    **Statistical and administrative information**

**13.** **Debtor's estimation of**    *Check one:*
      **available funds**
                                      ☑ Funds will be available for distribution to unsecured creditors.

                                      ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.** **Estimated number of**       ☐ 1-49                    ☐ 1,000-5,000            ☐ 25,001-50,000
      **creditors**                   ☐ 50-99                   ☑ 5001-10,000            ☐ 50,001-100,000
      **(on a consolidated basis)**   ☐ 100-199                 ☐ 10,001-25,000          ☐ More than100,000
                                      ☐ 200-999

**15.** **Estimated Assets**          ☐ $0 - $50,000            ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
      **(on a consolidated basis)**   ☐ $50,001 - $100,000      ☐ $10,000,001 - $50  million      ☐ $1,000,000,001 - $10 billion
                                      ☐ $100,001 - $500,000     ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                                      ☐ $500,001 - $1 million   ☑ $100,000,001 - $500 million     ☐ More than $50 billion

**16.** **Estimated liabilities**     ☐ $0 - $50,000            ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
      **(on a consolidated basis)**   ☐ $50,001 - $100,000      ☐ $10,000,001 - $50  million      ☐ $1,000,000,001 - $10 billion
                                      ☐ $100,001 - $500,000     ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                                      ☐ $500,001 - $1 million   ☑ $100,000,001 - $500 million     ☐ More than $50 billion

Debtor    **Borden Dairy Company of Texas, LLC**                          Case number (*if known*) _____
_____
Name

■ **Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   01/05/2020
_____
MM / DD / YYYY

X _____      **Jason Monaco**
Signature of authorized representative of debtor      _____
Printed name

Title   **Chief Financial Officer**
_____

**18. Signature of attorney**

X _____      Date 01/05/2020
Signature of attorney for debtor                     _____
MM / DD / YYYY

**M. Blake Cleary**
_____
Printed name

**Young Conaway Stargatt & Taylor, LLP**
_____
Firm name

**Rodney Square**
**1000 North King Street**
**Wilmington, DE 19801**
_____
Number, Street, City, State & ZIP Code

Contact phone   **302-571-6600**      Email address   **mbcleary@ycst.com**

**3614 DE**
_____
Bar number and State

# RIDER 1

## PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY AFFILIATES

On January  5, 2020, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. A motion will be filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Borden Dairy Holdings, LLC | 82-0958504 |
| Borden Dairy Company | 26-1181509 |
| Borden Dairy Company of Cincinnati, LLC | 90-0341334 |
| Borden Transport Company of Cincinnati, LLC | 56-2283462 |
| Borden Dairy Company of Madisonville, LLC | 61-0367310 |
| Borden Dairy Company of Ohio, LLC | 34-0752720 |
| Borden Transport Company of Ohio, LLC | 26-2997837 |
| National Dairy, LLC | 26-4819109 |
| Claims Adjusting Services, LLC | 26-4819109 |
| Borden Dairy Company of Alabama, LLC | 63-0305598 |
| Borden Dairy Company of Louisiana, LLC | 72-0984109 |
| Borden Dairy Company of South Carolina, LLC | 57-0290963 |
| Borden Dairy Company of Kentucky, LLC | 75-2967392 |
| Georgia Soft Serve Delights, LLC | 26-4819109 |
| Borden Dairy Company of Texas, LLC | 91-2135060 |
| NDH Transport, LLC | 26-2997480 |
| Borden Dairy Company of Florida, LLC | 65-0535168 |
| RGC, LLC | 36-4270314 |

**WRITTEN CONSENT OF
THE BOARD OF MANAGERS
OF
BORDEN DAIRY HOLDINGS, LLC**

**January 3, 2020**

The undersigned, constituting a Majority Vote (as defined in the Company's Amended and Restated Limited Liability Company Agreement, dated as of July 6, 2017 (the "Company LLC Agreement")) of the members (the "Members") of the board of Managers (the "Board") of Borden Dairy Holdings, LLC, a Delaware limited liability company (together with all of its direct or indirect subsidiaries, the "Company"), hereby consent to the taking of the following actions and hereby authorize, approve and adopt, by written consent, the following resolutions pursuant to Section 5.06(a) Company LLC Agreement:

I.   VOLUNTARY CHAPTER 11 PETITION

>          **WHEREAS**, the Board met today to consider the liabilities and liquidity situation of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's businesses;

>          **WHEREAS**, the undersigned Members had the opportunity to consult with management and the advisors of the Company and fully consider each of the strategic alternatives available to the Company;

>          **WHEREAS**, the Board previously established, in accordance with Section 5.05 of the Company LLC Agreement, a committee of two independent Managers, Harold Strunk and Andrea Fischer Newman (the "Independent Committee"), to evaluate and make a recommendation to the Board regarding the potential filing of one or more voluntary petitions for relief commencing proceedings (collectively, the "Case") under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on behalf of the Company, and the Board delegated to the Independent Committee its powers in respect of such evaluation; and

>          **WHEREAS**, the Independent Committee met on January 2, 2020, to evaluate the potential filing of the Case, and to consider other strategic alternatives available to the Company, following which the Independent Committee advised the Board at today's meeting of their informed belief, after due deliberation, that it would be in the best interests of the Company, its creditors, its employees and other parties in interest that the Company to file the Case; and

>          **RESOLVED**, that, in the judgment of undersigned Members, it is desirable and in the best interests of the Company, its creditors, its employees and other parties in interest, that the Company file the Case; and

**RESOLVED**, that any of the Chief Executive Officer, the President, the Chief Financial Officer, any Vice President, the Secretary, any Assistant Secretary, the Treasurer, and Assistant Treasurer, and such other officers as may be designated by the Chief Executive Officer (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists, motions, applications, pleadings and other papers or documents as necessary to file the Case and obtain chapter 11 relief, including but not limited to motions to obtain the use of cash collateral and provide adequate protection therefor, and to take any and all further acts and deeds that they deem necessary, proper and desirable in connection with the Case, with a view to the successful prosecution of the Case; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Arnold & Porter Kaye Scholer LLP ("Arnold & Porter") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing the Case and cause to be filed an application for authority to retain Arnold & Porter; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Young Conway Stargatt & Taylor, LLP ("YCST") as Delaware and conflicts counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Case and cause to be filed an application for authority to retain YCST; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ Donlin Recano as noticing, claims and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Case and cause to be filed such applications as are appropriate to obtain authority to retain the services of Donlin Recano as noticing, claims and balloting agent; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the

Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Case and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**RESOLVED**, that notwithstanding any provision of the governing documents of Borden Dairy Holdings, LLC or any of its direct or indirect subsidiaries to the contrary, to the fullest extent permitted by law, no member or stockholder of any direct or indirect subsidiary of Borden Dairy Holdings, LLC shall dissociate or withdraw from such subsidiary as a member or stockholder or otherwise cease to be a member or stockholder of such subsidiary, or be deemed to have dissociated or withdrawn from such subsidiary as a member or stockholder or otherwise ceased to be a member or stockholder of such subsidiary, in each case as a consequence of the Bankruptcy (as defined below) (or other status resulting from the actions contemplated by these resolutions) of such subsidiary, and no such subsidiary shall dissolve upon the Bankruptcy of a member or stockholder (it being agreed and understood that for purposes of these resolutions, "Bankruptcy" means that a member or stockholder makes an assignment for the benefit of creditors; files a voluntary petition in bankruptcy; is adjudged bankrupt or insolvent, or has entered against itself an order for relief, in any bankruptcy or insolvency proceeding; files a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any law; files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against it in any proceeding of the foregoing nature; or seeks, consents to, or acquiesces in the appointment of a trustee, receiver, or liquidator of such member, or of all or any substantial part of its assets).

II.    RATIFICATION OF ALL PRIOR AND FUTURE ACTIONS

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified; and

**RESOLVED**, that each of the undersigned hereby waives any and all irregularities of notice, and consents to the transaction of all business represented by this written consent; and

**RESOLVED**, this written consent may be executed in two or more counterparts, each of which shall be an original and all of which together shall constitute one and the same written consent; and

**RESOLVED**, that the execution of this written consent and delivery thereof by electronic or .pdf signatures shall be sufficient for all purposes and shall be binding upon any party who so executes.

[Signature Page Follows]

4

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
Adam M. Kriger

_____
Florentino Rivero Rodriguez

_____
Jose Antonio Tricio Haro

_____
Aron Schwartz

_____
Harold Strunk

_____
Andrea Fischer Newman

_____
Arquimedes Celis

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
Adam M. Kriger

_____
Florentino Rivero Rodriguez

_____
Jose Antonio Tricio Haro

_____
Aron Schwartz

_____
Harold Strunk

_____
Andrea Fischer Newman

_____
Arquimedes Celis

5

US 167102715v5

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
Adam M. Kriger

_____
Florentino Rivero Rodriguez

_____
Jose Antonio Tricio Haro

_____
Aron Schwartz

_____
Harold Strunk

_____
Andrea Fischer Newman

_____
Arquimedes Celis

5

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
Adam M. Kriger

_____
Florentino Rivero Rodriguez

_____
Jose Antonio Tricio Haro

_____
Aron Schwartz

_____
Harold Strunk

_____
Andrea Fischer Newman

_____
Arquimedes Celis

5

IN WITNESS WHEREOF, the undersigned have executed this Written Consent In Lieu of Special Meeting as of the date first written above.

_____
Adam M. Kriger

_____
Florentino Rivero Rodriguez

_____
Jose Antonio Tricio Haro

_____
Aron Schwartz

_____
Harold Strunk

_____
Andrea Fischer Newman

_____
Arquimedes Celis

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
Adam M. Kriger


_____
Florentino Rivero Rodriguez


_____
Jose Antonio Tricio Haro


_____
Aron Schwartz


_____
Harold Strunk


_Andrea Fischer Newman_
Andrea Fischer Newman


_____
Arquimedes Celis

5

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
Adam M. Kriger


_____
Florentino Rivero Rodriguez


_____
Jose Antonio Tricio Haro


_____
Aron Schwartz


_____
Harold Strunk


_____
Andrea Fischer Newman

_____
Arquimedes Celis

5

**Fill in this information to identify the case:**

**Debtor name:** Borden Dairy Company, et al.

**United States Bankruptcy Court for the:** District of Delaware

**Case number (if known):** 20-_____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders, on a Consolidated Basis    12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CENTRAL STATES HEALTH & WELFARE CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE AND PENSION FUNDS P.O. Box 5123 Law Department Des Plaines IL 60017-5123 | Charles H. Lee Tel: 847-939-2481 Fax: 847-518-9797 | Unfunded Withdrawal Liability | ☑ C ☐ U ☐ D | | | $33,163,725.00 |
| 2 | LONE STAR MILK PRODUCERS INC 217 Baird Ln Windthorst TX 76389-6023 | Sonya Fabien sonyafabien@lonestarmilk.com Tel: 940-378-2311 | Trade Payable | ☐ C ☐ U ☐ D | | | $6,148,092.66 |
| 3 | CKS PACKAGING 350 Great Southwest Pkwy SW Atlanta GA 30336 | Dave Crompton laura@ckspackaging.com Tel: 404-699-9431 | Trade Payable | ☐ C ☐ U ☐ D | | | $4,530,497.46 |
| 4 | DAIRY FARMERS OF AMERICA 10220 N Ambassador Dr Ste 1000 Kansas City MO 64153 | Dean Van Tuinen egunsolus@dfamilk.com Tel: 816-801-6652 | Trade Payable | ☐ C ☐ U ☐ D | | | $2,706,565.31 |
| 5 | MARYLAND & VIRGINIA OF LAUREL PO Box 602295 Charlotte NC 28260-2295 | dlipscomb@mdvamilk.com | Trade Payable | ☐ C ☐ U ☐ D | | | $2,335,756.35 |
| 6 | TETRA PAK INC 3300 Airport Rd Denton TX 76207 | Johan Gudmundsson payment.remittance@tetrapak.com Tel: 940-565-8800 | Trade Payable | ☐ C ☐ U ☐ D | | | $2,178,288.18 |
| 7 | PACKAGING CORPORATION OF AMERICA 1955 West Field Court Lake Forest IL 60045 | Bill Harding bmularkey@packagingcorp.com Tel: 972-516-4515 | Trade Payable | ☐ C ☐ U ☐ D | | | $938,536.72 |

Debtor   **Borden Dairy Company, et al.**                                    Case number *(if known)* **20-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui- dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | DOUGLAS MACHINE INC 3404 Iowa St Alexandria MN 56308-3345 | Andrew Messerich Tel: 320-762-6230 | Trade Payable | ☐ C ☐ U ☐ D | | | $922,730.54 |
| 9 | SOUTHEAST MILK INC PO Box 3790 Belleview FL 34421-3790 | Karen Womack dmartin@southeastmilk.org Tel: 352-347-3790 | Trade Payable | ☐ C ☐ U ☐ D | | | $780,050.88 |
| 10 | MYRTLE CONSULTING GROUP LLC 16225 ParkTen Pl Ste 620 Houston TX 77084-5155 | Tel: 281-600-7275 | Trade Payable | ☐ C ☐ U ☐ D | | | $694,454.67 |
| 11 | ORBIS CORPORATION 1055 Corporate Center Dr Oconomowoc WI 53066 | Tom Atkins danielle.heraly@menasha.com Tel: 920-751-1986 | Trade Payable | ☐ C ☐ U ☐ D | | | $641,700.58 |
| 12 | PETROLEUM TRADERS CORPORATION 7120 Pointe Inverness Way Fort Wayne IN 46804 | Scott Wake hstevenson@petroleumtraders.com Tel: 260-469-5837 | Trade Payable | ☐ C ☐ U ☐ D | | | $598,300.28 |
| 13 | SILGAN IPEC 185 Northgate Cir New Castle PA 16105 | Todd Price patricia.cluchey@silganclosures.com Tel: 800-3774732 | Trade Payable | ☐ C ☐ U ☐ D | | | $593,039.92 |
| 14 | RED DIAMOND INC 400 Park Ave Moody AL 35004 | Steve Lowry michaeljordan@reddiamond.com | Trade Payable | ☐ C ☐ U ☐ D | | | $558,200.00 |
| 15 | SAPUTO DAIRY FOODS USA LLC 1401 Elm ST Dallas TX 75284-0151 | Tom Fenton tcarvelli@southeastmilk.org Tel: 214-863-2300 | Trade Payable | ☐ C ☐ U ☐ D | | | $545,748.76 |
| 16 | GOOD HUMOR BREYERS 909 Packerland Drive Green Bay WI 54307 | ebusiness.support@unilever.com Tel: 203-381-3654 Fax: 920- 497-6523 | Trade Payable | ☐ C ☐ U ☐ D | | | $529,593.91 |
| 17 | ALEX C FERGUSSON LLC 5121 Coffey Ave Ste D Chambersburg PA 17201 | Mike Hinkle mpowell@afco.net Tel: 717-264 9147 | Trade Payable | ☐ C ☐ U ☐ D | | | $497,293.84 |
| 18 | KDV LABEL CO INC 431 W Newhall Ave Waukesha WI 53186 | Darrell O'Brien accounting@kdvlabel.com Tel: 262-548-6945 | Trade Payable | ☐ C ☐ U ☐ D | | | $410,959.24 |

Debtor    **Borden Dairy Company, et al.**                                    Case number *(if known)* **20-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | RETAIL, WHOLESALE, AND DEPARTMENT STORE UNION, LOCAL 323 RETAIL, WHOLESALE AND DEPARTMENT STORE UNION, AFL-CIO 370 7th Ave Ste 501 New York NY 10001 | Tel: 212-684-5300 | Unfunded Withdrawal Liability | ☑ C ☐ U ☐ D | | | $391,040.00 |
| 20 | MANSFIELD OIL CO OF GAINESVILLE 1025 Airport Pkwy Gainesville GA 30501 | Tara Hernandez thernandez@mansfieldoil.com Tel: 678-207-4768 | Trade Payable | ☐ C ☐ U ☐ D | | | $363,998.89 |
| 21 | SENSIENT FLAVORS INC 5700 W Raymond St Indianapolis IN 46241 | Dennis Ball carissa.dahik@sensient.com Tel: 317-243-3521 | Trade Payable | ☐ C ☐ U ☐ D | | | $358,842.98 |
| 22 | GANDY'S DAIRIES INC 2515 McKinney Ave Dallas TX 75201 | Tel: 800-334-3865 | Trade Payable | ☐ C ☐ U ☐ D | | | $298,952.22 |
| 23 | PULLMAN SUGAR LLC 700 E 107th St Chicago IL 60628-3806 | Brandon Boomsma accounting@pullmansugar.com Tel: 773-260-9165 | Trade Payable | ☐ C ☐ U ☐ D | | | $272,473.42 |
| 24 | CITROFRUT USA, LLC 4200 W Ursula Ave Mcallen TX 78503 | Ricardo Martinez Zambrano sonia.rivas@citrofrut.com Tel: 877-248-7648 | Trade Payable | ☐ C ☐ U ☐ D | | | $266,380.50 |
| 25 | PLASTICS INC PO Box 159 Greensboro AL 36744 | Mary Blankenship mblankenship51@bellsouth.net Tel: 334-624-8801 | Trade Payable | ☐ C ☐ U ☐ D | | | $245,405.59 |
| 26 | LISMA LOGISTICS INC 790 Thorpe Rd Orlando FL 32824-8013 | Victor Rodriguez Tel: 954-665-6655 | Trade Payable | ☐ C ☐ U ☐ D | | | $234,691.62 |
| 27 | ACE AMERICAN INSURANCE CO Dept. Ch 10123 Palantine IL 60055-0123 | shashank.khandelwal@chubb.com Tel: 800-323-4105 | Trade Payable | ☐ C ☐ U ☐ D | | | $229,475.00 |
| 28 | W W GRAINGER INC 100 Grainger Parkway Lake Forest IL 60045 | Cody Bryan financialservices@grainger.com Tel: 800-472-4643 | Trade Payable | ☐ C ☐ U ☐ D | | | $223,385.69 |
| 29 | APPLIED INDUSTRIAL TECHNOLOGIES 1 Applied Plz Cleveland OH 44115 | Tom Granata RVera@Applied.com Tel: 972-506-0612 | Trade Payable | ☐ C ☐ U ☐ D | | | $219,551.58 |

Debtor    **Borden Dairy Company, et al.**                                    Case number *(if known)* **20-_____**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30  TROPIC OIL COMPANY PO Box 1668 Houston TX 77251-1668 | Tel: 863-676-3910 | Trade Payable | ☐ C ☐ U ☐ D | | | $210,910.01 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BORDEN DAIRY COMPANY, *et al.*, | Case No. 20-[_____] ([__]) |
| Debtors.[1] | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT**
**TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3),  and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each a "**Debtor**" and, together, the "**Debtors**") hereby state as follows:

1.     A list of Debtor, Borden Dairy Holdings, LLC's equity interest holders, their addresses, and the nature of their equity interests is attached hereto as Exhibit A.

2.     Borden Dairy Holdings, LLC owns 100% of the equity interests of Debtor, Borden Dairy Company.

3.     Borden Dairy Company owns 100% of the equity interests of Debtor, National Dairy, LLC.

4.     National Dairy, LLC owns 100% of the equity interests in each of the Debtors: (a) Claims Adjusting Services, LLC; (b) Borden Dairy Company of Alabama, LLC; (c) Borden

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Borden Dairy Company (1509); Borden Dairy Holdings, LLC (8504); National Dairy, LLC (9109); Borden Dairy Company of Alabama, LLC (5598); Borden Dairy Company of Cincinnati, LLC (1334); Borden Transport Company of Cincinnati, LLC (3462); Borden Dairy Company of Florida, LLC (5168); Borden Dairy Company of Kentucky, LLC (7392); Borden Dairy Company of Louisiana, LLC (4109); Borden Dairy Company of Madisonville, LLC (7310); Borden Dairy Company of Ohio, LLC (2720); Borden Transport Company of Ohio, LLC (7837); Borden Dairy Company of South Carolina, LLC (0963); Borden Dairy Company of Texas, LLC (5060); Claims Adjusting Services, LLC (9109); Georgia Soft Serve Delights, LLC (9109); NDH Transport, LLC (7480); and RGC, LLC (0314).  The location of the Debtors' service address is: 8750 North Central Expressway, Suite 400, Dallas, TX 75231.

Dairy Company of Louisiana, LLC; (d) Borden Dairy of South Carolina, LLC; (e) Borden Dairy of Kentucky, LLC; (f) Georgia Soft Serve Delights, LLC; (g) Borden Dairy Company of Cincinnati, LLC; (h) Borden Dairy Company of Texas, LLC; (i) NDH Transport, LLC; (j) Borden Dairy Company of Ohio, LLC; (k) Borden Dairy Company of Florida, LLC; (l) Borden Dairy Company of Madisonville, LLC; and (m) RGC, LLC.

5.     Borden Dairy Company of Cincinnati, LLC owns 100% of the equity interests in Debtor, Borden Transport Company of Cincinnati, LLC.

6.     Borden Dairy of Ohio, LLC owns 100% of the equity interests in Debtor, Borden Transport Company of Ohio, LLC.

**EXHIBIT A**

**Borden Dairy Holdings, LLC - Member Schedule**

| Class A Members | Aggregate Capital Contribution | Number of Class A Interests | Aggregate Percentage Interest |
|---|---|---|---|
| ACON Dairy Investors, L.L.C. 1133 Connecticut Avenue, NW, Suite 700 Washington, DC 20036 Attention: Aron Schwartz       Teresa Bernstein E-Mail: aschwartz@aconinvestments.com      tbernstein@aconinvestments.com | $48,850,000 | 43,977,963 | 46.79% |
| Tony Sarsam 6815 Tulip Lane Dallas, TX 75230 E-Mail: Tony.Sarsam@bordendairy.com | $750,000 | 622,037 | 00.66% |
| **Class A Total:** | **$49,600,000** | **44,600,000** | **47.45%** |
| **Class B Members** | **Aggregate Capital Contribution** | **Number of Class B Interests** | **Aggregate Percentage Interest** |
| New Laguna, LLC c/o Laguna Dairy, S. de R.L. de C.V. Calzada Carlos Herrera Araluce 185 Parque Industrial Carlos A Herrera Araluce Gomez Palacio, Durango 35079 United Mexican States Attention: Frine Galvan E-mail: frine.galvan@grupolala.com | $51,400,000 | 46,400,000 | 49.36% |
| **Class B Total:** | **$51,400,000** | **46,400,000** | **49.36%** |
| **Class C Members** | **Aggregate Capital Contribution** | **Number of Class C Interests** | **Aggregate Percentage Interest** |
| Tony Sarsam 6815 Tulip Lane Dallas, TX 75230 E-Mail: Tony.Sarsam@bordendairy.com | $0 | 3,000,000 | 3.19% |
| **Class C Total:** | **$0** | **3,000,000** | **3.19%** |

**Fill in this information to identify the case:**

Debtor name  **Borden Dairy Company, et al.**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known)  _____

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration  **Consolidated Corporate Ownership Statement Pursuant to Fed. R. Bankr. P. 1007(a)(1), 1007(a)(3), and 7007.1**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _01/05/2020_       x _____
                                   Signature of individual signing on behalf of debtor

                                **Jason Monaco**
                                Printed name

                                **Chief Financial Officer**
                                Position or relationship to debtor

Official Form 202                **Declaration Under Penalty of Perjury for Non-Individual Debtors**